IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| Hassanin Aly, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-06069-CV-SJ-DGK |
| | ) | |
| v. | ) | **RULE 12(b) MOTION TO DISMISS &** |
| | ) | **REQUEST FOR LEAVE TO FILE** |
| Hanzada for Import & Export | ) | **FURTHER AFFIDAVITS AND** |
| Company, LTD, | ) | **SUGGESTION IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |
| Defendant. | ) | |

COMES NOW, for the limited purposes set forth herein, would-be Defendant Hanzada for Import & Export Company, LTD hereinafter "Hanzada", an Egyptian corporation not found within the State of Missouri, and in lieu of filing an Answer moves, as provided for in Chapter 6 of the Federal Rule of Civil Procedures Section 12(b) (1-7) to dismiss the above titled action, and in support of said motion states as follows:

**1. THE COURT LACKS SUBJECT MATTER JURISDICTION**

The allegations made by Egyptian citizen and resident Mr. Hassanin contain no federal question and assert no claim supported by either the diversity of citizenship or the operation of federal statute. Mr. Hassanin's chosen defendant, Hanzada for Import & Export Company, LTD, ("Hanzada") is an Egyptian company. Similar to Mr. Hassanin, Hanzada is also a resident of Egypt. All offices of Hanzada exist within the confines of the sovereign nation of Egypt. All employees of Hanzada are employed within the sovereign nation of Egypt. Hanzada does not maintain an office, sell or promote the sale of any product or service, own or lease property, or otherwise maintain contacts within the state of Missouri sufficient to subject it to the jurisdiction

[2]

of the Federal District Court for Missouri Courts, and in particular the Western District of Missouri, St. Joseph Division.[1]

The Complaint presents no federal question, nor is there any diversity of citizenship as between an Egyptian company and the Plaintiff who is himself an Egyptian citizen living in Egypt at the time the alleged conduct giving arise to the claim occurred. Finally there exists no property within the state of Missouri which would support in rem jurisdiction as applied to this controversy. As neither the Plaintiff nor Defendant are resident of Missouri, transact business in Missouri, and insofar as there exist no real estate or other property at issue in this dispute within the state of Missouri, and as no witnesses, or evidence pertaining to the dispute may be found within the state of Missouri, the Court has no interest in adjudicating this controversy.

The parties to the dispute, all corporate records of the Defendant, and the funds by which the Plaintiff theoretically would be paid if a judgment could be secured, are all located in Egypt, the very location where the dispute should and arguably, has based on the passage of time and the operation of the statutes of limitations, been decided. Accordingly the case should be dismissed pursuant to Fed. Rule, of Civ.P. Rule 12(b)(1).

### 2. THE COURT LACKS PERSONAL JURISDICTION OVER HANZADA

Both the Defendant and the Plaintiff are residents and citizens of the sovereign nation of Egypt. Hanzada is an Egyptian company. All offices of Hanzada exist within the confines of the sovereign nation of Egypt. All employees of Hanzada are employed within the sovereign nation of Egypt. Hanzada does not maintain an office, sell or promote the sale of any product or service, or otherwise maintain contact within the state of Missouri sufficient to subject it to the

---

[1] An affidavit supporting the forgoing statements has been prepared however due to security and other measures associated with the constitutional referendum, it has not been possible for a senior level officer from Hanzada to obtain the services of a U.S. notary at the U.S. embassy thus preventing the execution of his prepared affidavit and otherwise hindering the timely tender of a related Suggestion in support of this motion.

[3]

jurisdiction of the Federal District Court for Missouri Courts, and in particular the Western District of Missouri, St. Joseph Division.

The Complaint presents no federal question, nor is there any diversity of citizenship as between an Egyptian company and the Plaintiff who is himself an Egyptian citizen living in Egypt at the time the alleged conduct giving rise to the claim occurred.[2] The exercise of jurisdiction over that Defendant neither comports with constitutional due process protection nor is based on the conduct of the Defendant and does not fit within the forum state's long-arm statute.

Would-be Defendant Hanzada has not transacted business, made any contracts, committed any tortious act, or owned, possessed, or used real estate within the State of Missouri. Hanzada employees no agents, has no offices nor any employees in Missouri. Hanzada has no major beef importation contract with a company whose principal place of business is located within the state of Missouri, and therefore assumes the unnamed company which is referred to as being the source of the commissions due the Plaintiff is not a resident of Missouri. Accordingly, the case should be dismissed for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

3. **WHERE NEITHER THE PLAINTIFF OR DEFENDANT HAVE ANY CONNECTION WITH THE STATE OF MISSOURI IT IS NOT THE PROPER FORUM FOR THEIR DISPUTE**

As the Plaintiff has pled the existence of no property, witness, or document in the state of Missouri which could offer or become evidence materially relevant to this case, and where it has not been pled that either party maintains a residence in, is a citizen of, or has been within the boundaries of the state of Missouri at any time in the past several years, the case has no place in

---

[2] Complaint Paragraph 16(e) indicate that the would-be Plaintiff made ten trips from Egypt to the United States to help Hanzada find a company willing to sell its beef. Which clearly evidences the lack of any intent to establish a residency in the United States, and in particular the state of Missouri.

[4]

a Missouri courtroom. Missouri is simply not the proper forum within which to hear this dispute.

Fed. Rul. Civ.P. Rule 12(b)(3).

### 4. THE DEFENDANT HAS NOT BEEN SERVED AND THERE IS LACKING SUFFICIENT SERVICE OF PROCESS AND SUFFICIENT PROCESS WITH WHICH TO PROCEED

The Defendant has not been served. To the extent the recent mailing sent and received in December of 2013 were meant to effectuate service of process, the Plaintiff failed to comply with any of the methods to serve process authorized in Fed. R. Civ. P. 4. TO this day Hanzada has never been served either personally or by mail with a complete Summons or a copy of the Petition was filed in July of 2012. As to the December 2013 mailing of the notice of default and request for default judgment, such mailing does not constitute valid service under either American or Egyptian law. In particular Egypt has opted out of mailed service of process as provided in Article 10 of the Hague Convention. *See* Department of State, Office of the Legal Adviser, 1447 (1994) or Ristau, Sec. 3-1-9 p. 70.2 (1995 supp). Similarly the prior attempt to effectuate service by an unapproved alternative method and without producing a signed return of service indicated the failure to serve through diligent application of the normal service method and also is invalid.

The existence of such "service" was unknown to Hanzada when it was presented to this Court as having been achieved on July 30th, 2013. However, as detailed in the in the attached affidavit of a native Egyptian legal translator Ms. Sarah El-Kasaby, the documents presented contain neither a validation of the alleged service as properly containing any reference to the actual fact of the alleged service, nor certificates which would be admissible in this Court for the purpose of certifying either the inability to serve Hanzada through normal channels or the effectuation of the substitute service. (*See* Exhibit B).

[5]

Additionally, Hanzada received no notice of suit and nor waiver of service forms. Accordingly, the purported service of process now alleged by Mr. Hassanin cannot be considered valid for any reason. This petition should be dismissed with prejudice, as the Plaintiff has failed to even file a certificate purporting to have served the Defendant, despite having been afforded a series of extensions and a period of over one year to do so. Moreover this one year period came after presenting nearly the same case in a Nebraska court which wisely found a lack of jurisdiction and lack of service when it dismissed the case in December of 2011. *See* Hassanin Aly Hanzada for Import & Export Company, LTD case heard in District Court of Douglas County, Nebraska case (CI 11-3023)(case was filed on June 13, 2011, with subsequent to entry of dismissal on December 22, 2011)[3].(the Complaint and order of dismissal are attached as exhibits A1 and A2 respectively).

Mr. Hassanin has alleged that alternative service was achieved on Defendants on or about December 5, 2012, however the Plaintiff clearly had himself doubts as to the accuracy of this assertion where he waited over a year to assert a default. Moreover a review of the Hague Convention Article 5 and Fed. Rul. Civ. P. Rule 4(f)(9)(A) fail to reveal support for service of the type that apparently occurred, that of leaving a portion of the summons and complaint at the police station . The only document supporting such action failed to assert that it had been done pursuant to any specific provision of the Egyptian Civil Code. In fact the statements relied on by the Plaintiff as showing that service was proper did not even refer to the fact and circumstances soundings the alleged service with clarity sufficient to satisfy the reader that the service in question even occurred and if it did which documents were in fact served.

---

[3] Copy of the substantially similar Complaint and resulting order are attached hereto as Exhibits A.

[6]

The December 27 letter relied on by the Plaintiff indicates only that "as serving has been made orally with the administration, as it is proven in the attached service." The referenced attachment also relied on by which service is said to have been "proven" was translated and it was found to be both illegible and unintelligible.[4] *See* <u>Official Translation of Plaintiffs Exhibit A pages 5-7.</u> (attached hereto as Exhibit B). It is apparent that the Plaintiff seeks Default Judgment claiming that he perfected alternative (but not actual) service in Egypt over a year ago based on "proof" of service which was only filed some seven months subsequent, and notably after having represented to this Court that he would file a "Certificate establishing service" on or before February 14, 2013. *See* <u>Update to Court</u>, par. 4-5 Filed 1/24/2013 (Case No. 12-06069-CV-SJ-DGK Docket #10). The passage of time and the tender of poorly organized and incomplete translations have masked the fact that: No original certificate or even a copy of an original document establishing service has been produced to the court. *See* Affidavit of Sara El-Kasaby Exhibit B page 1.

Accordingly the complaint must be dismissed based on the insufficiency of process and of service of process. *See* <u>Federal Rules of Civil Procedures 12(b)(4&5)</u>. The Defendant has not been served. Neither the registered agent nor any officer, director, or employee authorized to accept service of process for the Defendant, have been served. Moreover no actual certificate of service has been filed with the court. At a minimum, before advance arguments based on alternative service on a party must show that actual service had been attempted but thwarted after reasonable diligence. The Plaintiff has offered no affidavit indicating the name of any individual who it is allegedly refused delivery of the Summons, moreover there is no indication that there was even an attempt to review the complete summons complaint or that such was served as part

---

[4] Please note when the Defendant claims the document is illegible he is referring to more than just the signature.

[7]

of the alleged alternative service. Finally the Certificate of Service filed with the court indicated that service was had on December 5, 2012.

The Update to the Court based its assertion of service on an "unofficial translation" of a heretofore unproduced document which allegedly states that service was refused by one or more unknown persons, and on that basis alternative service perfected the Old Cairo Police station. As of the 15th of January 2014 no certificate establishing service has been delivered to the Defendant. That is to say the court currently has in its records no certificate of service. Relevant translations of all documents which are available on the ECF system are provide herein as attachments to the Affidavit of Egyptian citizen and U.S. Resident Sahara Kasaby are attached hereto as Exhibit B.

As indicated in its name, Hanzada is engaged in the import and export business and as such takes pains to quickly examine and respond to international correspondence. On that basis Hanzada does reports to the Court that no attempt to inform the Defendants of this action was taken by the Plaintiff in such a manner as would be reasonably likely to actually inform the Defendant of the existence of this action.

5. **THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED**

Egyptian citizen and resident Hassanin Aly claims that substantial commissions are due to his person from Egyptian company Hanzada on account of Hanzada's purchase of beef from one or more U.S. based company with whom he is not otherwise affiliated. Neither Mr. Hassanin, the Hanzada Company, nor the beef sellers are residents of or doing business in the state of Missouri. It is alleged, contrary the rule of commerce as such exist in Egypt , the United States, and to the knowledge of this author the remainder of the world , that commissions are payable in this case by the purchaser rather than by the party profiting from the purchase.

[8]

Case 5:12-cv-06069-DGK   Document 27   Filed 01/16/14   Page 7 of 11

Moreover, the commissions are allegedly due on payments made under a written multi-year contract, to which the Plaintiff is neither a party nor a third party beneficiary. As Mr. Hassanin has alleged the existence of no written contract, his "claim" such as it is, would have arisen out of an alleged oral contact entered into some seven years ago by and between Mr. Hassanin and a "de facto agent" of Hanzada. As such his claim sounding in breach of contract is barred under both the Statue of Frauds and the Statute of Limitations. Fed. Rul. Civ. P. Rule 12(b)(6).

6. **THE COMPLAINT FAILS TO JOIN NECESSARY PARTIES**

The Complaint appears to describe a commission dispute between the Plaintiff and a Corporation, whom the Plaintiff alleges was able to make one or more sales thanks in part to the Plaintiff's efforts. If the claim is in fact one for unpaid commission or breach of contract, the parties who profited from the transaction or otherwise agreed to make payments to the Plaintiff upon consummation of the transaction must be named and brought to court. *See* Federal Rules of Civil Procedures Rule 12(b)(7) & 19.

**REQUEST FOR ADDITIONAL TIME TO SUBMIT AFFIDAVITS AND SUGGESTION IN SUPPORT OF THIS MOTION**

The Defendant is presently preparing affidavits fit for submission to this honorable Court which will support the foregoing statements. Those efforts have not been completed, due in part the recent Egyptian election and associated embassy security measures. That said, Affidavits and other support will, should the Court grant the Defendant such time as has been requested be made available to the court on or before February 7, 2014. This Request for leave to file Affidavits and a Suggestion in Support of this motion is limited to only 20 days, although to be on the safe side Hanzada might actually enjoy 30 or even 45 days if same could be obtained. Insofar as the Plaintiff waited five years to present his claim and then took a year before

asserting service had been had such a time frame seems eminently reasonable. The Defendants request for additional time has been necessitated by the recent constitutional referendum, and ask that the court take judicial notice of the occurrence of the event in considering this motion.

For the reason set forth above Hanzada Inc. requests dismissal of the present action. In support thereof Hanzada would like to offer a Suggestion and accompanying Affidavits supporting all factual statements contained herein and also offering translations of the documents which have been offered as proof of service. Unfortunately obtaining notarized documents from persons in Egypt, always a time consuming task necessitating an appointment made at the U.S. embassy weeks in advance, has proven to be impossible this past week owing to the constitutional referendum which is certainly an extraordinary event beyond the control of the would-be Defendant. Hanzada in fact had an appointment at the embassy but that appointment was canceled due to security concerns and other matters associated with the referendum.

Hanzada anticipates being able to secure notarization of its officer's affidavit in the next 20 days and request that it be granted a 20 (or if possible a 30) day extension, until at least February 7 within which to so secure and produce a notarized affidavits and otherwise prepare a Suggestion in Support of the forging motion.

**WHEREFORE**, Hanzada respectfully request:

1. An opportunity to obtain affidavits and file a Suggestion in Support of this Motion, where the Court would forgoing taking action on motion for default judgment until it had received and reviewed the Suggestion in Support of this Motion to Dismiss and any response and reply to such response as may be allowed. The Suggestion and Affidavit of Hanzada to be filed on or before February 7, 2014 or such other date as may be set by the Court; and

2. Upon so hearing the arguments in support and contrary to this motion dismiss the action and otherwise rule against the summary judgment motion as there clearly exist actual defenses to the motions not the least of which are jurisdictional in and also related to the Plaintiffs failure to properly serve the defendant against whom default is sought.

Dated this the 16th day of January, 2014.

Hanzada Co., Defendant

(Making only a limited appearance as an unserved party, to preserve its rights as a Egyptian corporation improperly named and not subject to the jurisdiction of the court)

BY: /s/ Brent Nicholls
Brent Nicholls #22146
Kasaby & Nicholls, LLC
The Empire State Building
300 South 19th Street
Suite 300, Omaha, NE 68102
(402) 502-0600

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above and foregoing was delivered to the ECF system and also by us mail to the attorneys for the Plaintiffs listed therein at the addresses indicated on that system, on the 16th day of January, 2014.

Richard Gilloon
10330 Regency Parkway Drive, #100
Omaha, NE 68114-3761

Kevin D Weakley
Wallace, Saunders, Austin, Brown & Enochs, Chartered-OPKS
10111 West 87th Street
P. O. Box 12290
Overland Park, KS 66282

By: /s/ Brent Nicholls
Brent Nicholls #22146

[11]

Kasaby & Nicholls, LLC
300 South 19th Street, Suite 300
Omaha, NE 68102
(402) 502-6000

[12]