IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| HASSANIN ALY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-6069-SJ-DGK |
| | ) | |
| HANZADA FOR IMPORT & EXPORT | ) | |
| COMPANY, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ORDERING DEFENDANT TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING**

This case concerns commissions on beef exports from Missouri to Egypt. Defendant Hanzada for Import & Export Company, Ltd. ("Hanzada"), an Egyptian beef importer, enlisted Plaintiff Hassanin Aly ("Aly"), a business promoter, to help Hanzada establish a business connection with an American packing company and beef processor in Kansas City. Although Hanzada agreed to compensate Aly for facilitating the connection, Aly claims that Hanzada never paid him.

Now before the Court is Hanzada's "Rule 12(b) Motion to Dismiss & Request for [L]imited [D]iscovery on the Issue of Jurisdiction (Residency)" (Doc. 39).[1] For the reasons below, the motion is DENIED.

**Background**

An extensive recitation of this case's factual background and procedural history is unnecessary, but may be found in this Court's Order of June 23, 2014 (Doc. 34, at 2–6). Before

---

[1] Suggestions in support of a motion may not exceed 15 pages in length. L.R. 7.0(f). Reply suggestions may not exceed 10 pages. *Id.* Hanzada's supportive suggestions and reply suggestions related to this motion were, respectively, 22 and 14 pages. This violates Local Rule 7.0. In the future, the Court may strike without notice any filings that violate Local Rule 7.0 unless leave of Court has been sought in advance and granted.

the Court issued that Order, default had been entered against Hanzada. The Court held that the entry of default should be stricken. At the same time, the Court considered a motion by Hanzada to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1)–(7). The Court thoroughly discussed but ultimately rejected Hanzada's motions under Rules 12(b)(1), (2), and (5). The Court refused to consider the remaining motions under Rules 12(b)(3), (4), (6), and (7) in light of Hanzada's cursory briefing.

The Court concluded by ordering Hanzada "to file an answer or other responsive pleading by July 14, 2014" (*Id.*, at 20). When Hanzada failed to do so, Aly again moved for an entry of default. The Court denied that motion and granted Hanzada an extension of time to file a pleading (Doc. 38). Hanzada, which has still not filed an answer or other pleading, now moves the Court to dismiss under Rule 12(b)(1)–(5), (7) (Doc. 39).

The pending motion argues that the Court lacks subject-matter jurisdiction because there is no proper diversity of citizenship, so Aly has presented evidence of where he lived when he filed the Complaint in July 2012. He swears that at that time, he was living in Columbus, Ohio for "approximately eight or nine months" out of the year (Doc. 40-1, at 1). He has produced evidence in circumstantial support of where he lived, including federal income tax returns he filed for the years 2003 and 2013, and utility bills in his name for a Columbus residence from June 2014. He worked in nearby Whitehall, Ohio as a restaurant manager beginning in 2010 and continuing through the present. He states that he has lived in Columbus since the lawsuit was filed. Aly visits Egypt occasionally, including around July 2012.

**Discussion**

I. **The Court has subject-matter jurisdiction over this case because Aly is a citizen of Ohio.**

Hanzada first argues under Rule 12(b)(1) that the Court does not have subject-matter jurisdiction over this case. A court must always consider challenges to its jurisdiction over the case. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of the action if the court determines "at any time" that it lacks subject-matter jurisdiction).

As relevant here, for a district court to exercise subject-matter jurisdiction on the basis of diversity of citizenship, the adverse parties must be "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The parties agree, and the record reflects, that Hanzada is a citizen of Egypt and thus a "subject[] of a foreign state." *Id.* The issue is thus whether Aly was a "citizen[] of a State." *Id.*

An individual is a citizen of a state if, at the time the complaint is filed, he: (1) is physically present in that state; and (2) intends to remain there indefinitely. *Blackmore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004). An individual may have multiple residences, but may be a citizen of only one state. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914). The party defending this kind of jurisdictional challenge—here, Aly—must establish by a preponderance of the evidence that he is a citizen of a particular state. *See Sheehan v. Gustafson*, 967 F.3d 1214, 1215 (8th Cir. 1992). Aly may demonstrate his intentions through circumstantial evidence. *Maple Island Farm v. Bitterling*, 196 F.2d 55, 59 (8th Cir. 1952).

Aly has established he was a citizen of Ohio when he filed the Complaint. First, he was physically present in the State of Ohio when he commenced this action in July 2012. At the time, he was living eight or nine months out of the year in Columbus, Ohio. He has income tax

returns for the following year, and utility bills for the year after that.  He held a job in Ohio as a restaurant manager.  Hanzada emphasizes activity by Aly in Egypt, but that activity is not inconsistent with physical presence in Ohio.  Although Aly resided part of the year somewhere besides Ohio, the Court finds by a preponderance of this evidence that Aly had a physical presence in Ohio when he filed the Complaint.  *See Blackmore*, 789 F.2d at 618.

Second, Aly intends to remain in Ohio indefinitely.  Although he has not explicitly stated this intent, Aly's intention can be deduced circumstantially.  *See Maple Island Farm*, 196 F.2d at 59.  His Columbus-area activities around July 2012, including his permanent employment at the restaurant at the time, evince intent to remain in Ohio.  Further, Aly has lived and worked in Ohio since then, hinting that he is fulfilling a past intent to remain in Ohio that existed when he filed the lawsuit.  The Court thus finds by a preponderance of this evidence that Aly intended to remain in Ohio when he filed the Complaint.  *See Blackmore*, 789 F.2d at 618.

Aly meets the test for showing he was a citizen of a state at the time he filed this lawsuit, so diversity of citizenship exists.  *See* 28 U.S.C. § 1332(a)(2).  The Court has subject-matter jurisdiction, and DENIES WITHOUT PREJUDICE Hanzada's Rule 12(b)(1) motion.

**II.  The Court rejects Hanzada's Rule 12(b)(2)–(5), (7) motion as cumulative.**

Hanzada next moves under Rule 12(b)(2)–(5), (7) to dismiss the Complaint for lack of personal jurisdiction, improper venue, insufficient service and process, and failure to join a necessary party.  Aly argues that the Court should not even consider these arguments, because Hanzada is procedurally barred from bringing this motion.  If a party has previously moved under Rule 12(b) to raise an available defense, Rule 12(g)(2) prohibits that party from making any future Rule 12(b) motions. Fed. R. Civ. P. 12(g)(2).  Hanzada previously moved under Rule 12(b) to dismiss the Complaint.  However, Hanzada could not properly make a Rule 12(b)

4

motion while in default. Thus, Hanzada's previous motion did not raise any "available" defenses. *See* Fed. R. Civ. P. 12(g)(2). The Rule 12(g)(2) consolidation principle does not bar the pending motion.

Entertaining the motions on their merits, the Court finds that Hanzada merely rehashes arguments the Court exhaustively considered, and rejected, in its previous Order. Accordingly, the Court DENIES WITH PREJUDICE this part of Hanzada's motion for the reasons previously stated on the record (Doc. 34, at 8–17, 20).

### III. Hanzada must file an answer or other responsive pleading, or face an entry of default.

Finally, the Court notes that Hanzada has not filed an answer or other responsive pleading, despite being twice ordered to do so (Doc. 34, at 20; Doc. 38, at 2). The seriousness of this present failure is compounded by the Court's previous finding that Hanzada has had a "troublesome pattern" of "missing court deadlines in this litigation" (Doc. 38, at 2). Accordingly, Hanzada is ORDERED to file an answer or other responsive pleading within seven days of the date of this Order. Failure to do so may result in sanctions, including but not limited to an entry of default against Hanzada.

### Conclusion

For the reasons discussed above, Hanzada's "Rule 12(b) Motion to Dismiss & Request for [L]imited [D]iscovery on the Issue of Jurisdiction (Residency)" (Doc. 39) is DENIED. Hanzada is ORDERED to file an answer or other responsive pleading on or before January 12, 2015.

**IT IS SO ORDERED.**

     /s/ Greg Kays  
GREG KAYS, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

Date: January 5, 2015