IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| HASSANIN ALY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-06069-CV-SJ-DGK |
| ) | |
| HANZADA FOR IMPORT & EXPORT ) | |
| COMPANY, LTD., ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND TO ENTER DEFAULT

This case concerns commissions on beef exports from Missouri to Egypt. Defendant Hanzada for Import & Export Company, Ltd. ("Hanzada"), an Egyptian beef importer, wanted to establish a business connection with an American packing company and beef processor in Kansas City. Hanzada enlisted a business promoter, Plaintiff Hassanin Aly ("Aly"). Although Hanzada agreed to compensate Aly for facilitating the connection, Aly claims that Hanzada never paid him.

Now before the Court is Aly's "Motion to Strike and Motion for Default" (Doc. 58). For the reasons below, the motion is DENIED.

**Background**

This case has been pending for almost three years, in part because the parties reside in Egypt and in part because the parties have had considerable difficulty meeting court deadlines. For instance, the Court had to order Aly to show cause as to why the case should not be dismissed for failure to prosecute.

Hanzada has been far more delinquent than Aly, seriously disrespecting deadlines in what the Court has previously called a "troublesome pattern" (Doc. 53, at 5). After Aly served Hanzada with the Complaint and summons, Hanzada missed its initial deadline to file an answer. *See* Fed. R. Civ. P. 12(a)(1)(A). The Court ordered Hanzada three separate times to file an answer or other responsive pleading (Docs. 34, 38, 53). Hanzada missed deadlines of July 14, 2014, and August 18, 2014, before finally filing an answer on a third deadline of January 12, 2015. Throughout, the Court warned, "Considering the age of this case and Hanzada's pattern of missing court deadlines, the Court is less likely to extend deadlines in the future." (Doc. 38, at 2). The Court has previously threatened sanctions (Doc. 53, at 5).

Four days after Hanzada finally filed an answer, it moved for leave to amend its answer. It attached a copy of its proposed amended answer. Aly did not object. A month later, the Court granted this leave and ordered Hanzada to file its amended answer by Friday, February 13, 2015. Hanzada filed its amended answer on February 16, the following Monday and a legal holiday. *See* 5 U.S.C. § 6103(a) (Washington's Birthday).

Aly now moves to strike the amended answer and to enter default against Hanzada for "its continued and persistent refusal to defend the present action" (Doc. 59, at 2).

## Discussion

Aly appeals to the Court's inherent authority to manage its docket, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1937), which has been exercised to strike untimely filings, *e.g. Cobell v. Norton*, 213 F.R.D. 42, 42 (D.D.C. 2003). A district court also enjoys the authority to enter default against a party as a sanction for misconduct. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

Here, the Court declines to strike Hanzada's answer and to enter default against Hanzada. Significantly, Aly does not claim that Hanzada's untimely filing prejudiced him. Hanzada's untimely amended answer was an exact copy of the proposed amended answer it had docketed a month earlier, well before the deadline ran. Nor was the Court prejudiced, as it was not open between the expiration of Hanzada's deadline on Friday evening and the time Hanzada filed its amended answer on Monday, a legal holiday.

Although the Court excuses Hanzada's untimeliness in this instance, "[i]f the [C]ourt allows litigants to continually ignore deadlines and seek never ending extensions without consequence, soon the [C]ourt's scheduling orders would become meaningless." *Jarvis v. Parker*, 13 F. Supp. 3d 74, 79 (D.D.C. 2014) (quoting *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996)). The parties are hereby warned that any future failure to observe any deadline will likely result in sanctions, including fines payable directly to the Court or a default judgment against the disobedient party. *See* Fed. R. Civ. P. 16(f)(1)(C). The Court may impose sanctions even if such failure causes no prejudice.

## Conclusion

In view of the foregoing, Aly's "Motion to Strike and Motion for Default" (Doc. 58) is DENIED.

**IT IS SO ORDERED.**

  /s/ Greg Kays  
GREG KAYS, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

Dated:  July 15, 2015