# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| HASSANIN ALY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 12-CV-6069-SJ-DGK |
| | ) |
| HANZADA FOR IMPORT & EXPORT | ) |
| COMPANY, LTD., | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING SANCTIONS AGAINST DEFENDANT

This case concerns sales commissions on beef exports. Defendant Hanzada for Import & Export Company, Ltd. ("Hanzada"), an Egyptian beef importer, enlisted Plaintiff Hassanin Aly ("Aly"), a business promoter, to help Hanzada establish a business connection with an American packing company and beef processor in Kansas City. Although Hanzada agreed to compensate Aly for facilitating the connection, Aly claims that Hanzada never paid him.

Now before the Court is Aly's Motion for Sanctions (Doc. 78). Aly seeks a default judgment against Hanzada for discovery violations. Finding a default judgment unwarranted at this time, the Court instead orders Hanzada to pay a fine and to pay Aly the reasonable expenses, including attorneys' fees, incurred in filing this motion. The motion is thus GRANTED IN PART.

### Background

This case has been pending for almost three years, in part because the parties reside in Egypt and in part because the parties have had considerable difficulty meeting court deadlines. Hanzada has been far more delinquent than Aly, seriously flouting deadlines in what the Court has previously called a "troublesome pattern" (Doc. 53 at 5).

After missing its initial deadline to file an answer, Hanzada was ordered to file an answer by July 14, 2014 (Doc. 34 at 20).  Hanzada failed to do so, instead moving on July 15 for leave to file a responsive pleading out of time.

The Court granted that leave, giving Hanzada until August 18 to file an answer (Doc. 38 at 2).  Hanzada failed to do so, instead filing a motion to dismiss on August 19.

The Court denied that motion and ordered Hanzada to file an answer or other responsive pleading by January 12, 2015 (Doc. 53 at 5).  Hanzada met this deadline by filing an answer. Four days later, it moved for leave to file an amended answer.  The Court granted this leave, giving Hanzada until February 13 to do so (Doc. 56).  Hanzada failed to do so, instead filing its amended complaint on February 16.

Finally, the Court ordered Hanzada to completely respond to all discovery by August 17 (Doc. 75 at 2).  Hanzada did not do so until August 18.

Throughout this case, the Court has warned Hanzada that it will be sanctioned for further noncompliance with Court deadlines.  In particular, the Court threatened fines and default judgment.  (Doc. 53 at 5 ("Failure to do so may result in sanctions, including but not limited to an entry of default against Hanzada."); Doc. 68 at 3 ("The parties are hereby warned that any future failure to observe any deadline will likely result in sanctions, including fines payable directly to the Court or a default judgment against the disobedient party."); Doc. 75 at 2 ("As the Court warned during the hearing, if Defendant does not observe that deadline—meaning if it fails to respond completely to all outstanding discovery requests by that date—then the Court will strongly consider, to the extent permitted by [Eighth Circuit case law], a [sanctions] motion from Plaintiff.")

**Discussion**

Aly asks the Court to enter a default judgment against Hanzada for its failure to comply with these various court orders.

"The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for [d]elay and evasion are added burdens on litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice." *Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 241 (8th Cir. 1977) (internal quotation marks omitted). Accordingly, Federal Rule of Civil Procedure 16 permits sanctions on a party that "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C); *see* Fed. R. Civ. P. 37(b)(2)(A).[1] Available sanctions include a default judgment, Fed. R. Civ. P. 37(b)(2)(A)(vi), and monetary fines payable to the court, *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–96 (8th Cir. 2001). At the very least, the court must consider ordering the violating party to pay the expenses and attorneys' fees incurred because of its violations. Fed. R. Civ. P. 16(f)(2).

The Court starts with Aly's preferred sanction, a default judgment. A court may enter a default judgment where there is (1) a scheduling or other pretrial order, (2) a willful violation of that order, and (3) prejudice to the other party. *See Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014). Unless the party's failure was deliberate or in bad faith, the court must also "investigate the propriety of a less extreme sanction" before entering a default judgment under Rule 16. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817–18 (8th Cir. 2001); *see Comstock*, 775 F.3d at 992.

---

[1] Rule 16(f)(1) incorporates by reference Rule 37, which offers a menu of sanctions for discovery violations. Because the same standard applies to sanctions under both rules, the Court cites Rule 16 and Rule 37 cases interchangeably. *See* Fed. R. Civ. P. 16 advisory committee notes (1983 amend.); *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 573–74 (8th Cir. 2012).

3

Aly satisfies the first three conditions.  First, there was a pretrial order—four of them, to be exact: two orders to file an answer (Docs. 34, 38), an order to file an amended answer (Doc. 56), and an order to fully comply with discovery (Doc. 79).  *See Comstock*, 775 F.3d at 992. Second, the Court finds that Hanzada willfully violated all four of them, in each case by untimely filing the required documents or by untimely serving discovery responses.  *See id.*  Third, Hanzada's pattern of flouting Court deadlines has prejudiced Aly, by prolonging this three-year-old case and by withholding from him essential discovery.  *See id.* (rejecting a violating party's argument that the prejudice does not count if it is curable).

Because it is unclear whether Hanzada acted deliberately or in bad faith, the remaining issue is whether a sanction less extreme than a default judgment would suffice.  *See Everyday Learning Corp.*, 242 F.3d at 817–18.  The Court finds that lesser sanctions—specifically, monetary fines—would be "a more just and effective sanction."  *Denton*, 564 F.2d at 240. Hanzada's conduct impedes the Court's administration of its docket, and Hanzada had no fewer than three warnings that a continued failure to comply with court orders would have serious consequences, including a default judgment.  However, the prejudice to Aly has been rather minimal; each of Hanzada's late submissions occurred only one day after the relevant deadline. Hanzada's dilatoriness has not required the Court to amend its scheduling orders.[2]  Given the relatively small harm caused by Hanzada's flagrancy—however frustrating it is—the Court instead orders Hanzada to pay a fine.  *See Nick*, 270 F.3d at 595–96; *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) ("[D]efault judgment is not an appropriate sanction for a 'marginal failure to comply with time requirements.'").

---

[2] The only time the Court has amended the scheduling order, it did so on joint motion of the parties.  *See* (Docs. 64, 65).

4

To ensure that a fine deters Hanzada from future misconduct like the sort that led to this motion, the Court sets the fine in the amount of $1,000.00. Hanzada must pay this amount directly to the Clerk of the Court no later than January 13, 2016.

In addition to a fine, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). The Court does not find Hanzada's noncompliance to be substantially justified, and does not find that making it pay Aly these expenses would be unjust. Therefore, the Court orders Hanzada to reimburse Aly his reasonable expenses, including attorneys' fees, incurred in bringing this motion. *See id.* Aly must file an affidavit no later than January 13, 2016, stating the amount of reasonable expenses incurred in making this motion. Within seven days of that filing, Hanzada may file a response, not to exceed five pages, limited to discussing the amount of reasonable expenses incurred. The Court will then issue an order setting the amount of the sanction. The parties are, however, welcome and strongly encouraged to resolve this issue without the Court's further involvement.

The Court is finished addressing this motion, but wants to be clear about its expectations going forward. Notwithstanding Hanzada's conduct, this case is approaching a resolution. The pretrial conference is next month, and trial begins mid-February. In that short amount of time remain several deadlines, including the deadlines to pay the above fine and to file motions in limine and proposed jury instructions (Doc. 50). At this stage in the litigation, meeting each and every deadline is of the utmost importance. Although the Court presently declines to issue a default judgment for missing deadlines, Hanzada may not expect such forbearance in the future. *See Everyday Learning Corp.*, 242 F.3d at 817–18.

5

Case 5:12-cv-06069-DGK   Document 94   Filed 12/30/15   Page 5 of 6

## Conclusion

For the reasons discussed above, Aly's Motion for Sanctions (Doc. 78) is GRANTED IN PART. No later than January 13, 2016, Hanzada must pay $1,000.00 directly to the Clerk of the Court. The Court will resolve the issue of reasonable expenses in accordance with the briefing schedule established above.

**IT IS SO ORDERED.**

Date:  December 30, 2015              /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT