# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| HASSANIN ALY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-CV-6069-SJ-DGK |
| | ) |
| HANZADA FOR IMPORT & EXPORT | ) |
| COMPANY, LTD., | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING SUMMARY JUDGMENT

This case concerns sales commissions on beef exports. The president of Defendant Hanzada for Import & Export Company, Ltd. ("Hanzada"), an Egyptian beef importer, made a contract with Plaintiff Hassanin Aly ("Aly") to pay him a percentage of all the beef that Hanzada imported. Claiming that Hanzada has not paid him all due commissions, Aly sued for breach of contract.

Now before the Court is Hanzada's motion for summary judgment (Doc. 82). Because there is a genuine dispute over material facts, the motion is DENIED.

## Background[1]

Hanzada is a company based in Egypt. Its president and owner, Sammy Shaheen ("Shaheen"),[2] wanted to do business with the National Beef Packing Company ("National Beef"), an American packing company and beef processor based in Kansas City, Missouri. Shaheen reached out to Aly, a business promoter, to facilitate this business. Sometime in 2006,

---

[1] This section omits facts that are properly controverted, facts that are immaterial to resolving this motion, facts that are not properly supported by admissible evidence, and legal conclusions. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). Although a jury could make completely opposite inferences from these facts, the Court must here state the facts in the light most favorable to Aly as the nonmoving party. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

[2] The record alternatively refers to Shaheen as Samy Sobhy Eliwa and as Sammy Sheehan. For consistency, this Order calls him Shaheen.

Shaheen and Aly consummated an oral contract, under which Hanzada had to pay Aly $10 for every metric ton of beef product that Hanzada bought from National Beef.

In August 2008, Hanzada began purchasing beef product from National Beef. At some point thereafter, Shaheen told Aly that the agreement would no longer be honored. Aly alleges that Hanzada owes him over $74 million in unpaid commissions.

## Standard

A moving party is entitled to summary judgment on a claim or defense if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those materials, if any, that demonstrate an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may specifically controvert these facts; once the parties have satisfied their burdens, the court views the resulting facts in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

## Discussion

Hanzada gives three reasons why summary judgment should be granted on the complaint's sole count, common law breach of contract. First, it argues that Aly cannot make a submissible case because Shaheen did not have Hanzada's authority to make contracts for the company. Second, Hanzada argues that even if Aly can prove his breach of contract claim, the

contract is void under the statute of frauds. Third, it argues that the contract is void because it has no finite end point. None of these arguments has merit.

### I. Shaheen had implied actual authority to bind Hanzada in contracts.

Hanzada first argues that Shaheen "is neither an officer or director of Hanzada," and thus could not have been "delegated authority to bind Hanzada" to the contract. Because Shaheen supposedly lacked the authority to contract on Hanzada's behalf, Hanzada disclaims liability under any contract between him and Aly.

The parties do not dispute that Aly's breach of contract claim arises under Missouri law. Under Missouri law, "[i]f an agent has authority to act, the principal will be bound by contracts the agent enters into on behalf of the principal." *Teasdale & Assocs. v. Richmond Heights Church of God in Christ*, 373 S.W.3d 17, 22 (Mo. Ct. App. 2012).

One type of authority is actual authority. "[F]or an agent to have actual authority, he must establish that the principal has empowered him, either expressly or impliedly, to act on the principal's behalf." *Essco Geometric v. Harvard Indus.*, 46 F.3d 718, 723 (8th Cir. 1995) (applying Missouri law). "Express authority is created when the principal explicitly tells the agent what to do." *Nichols v. Prudential Ins. Co. of Am.*, 851 S.W.2d 657, 661 (Mo. Ct. App. 1993). "Implied authority consists of those powers incidental and necessary to carry out the express authority." *Id.*

Here, a reasonable jury could conclude that Hanzada impliedly endowed Shaheen with contract-making authority by virtue of making him president and owner. Granted, there is no evidence of Hanzada explicitly granting Shaheen the authority to execute contracts. But "the president of a corporation, without any special authority from the board of directors, may perform for the corporation all acts of an ordinary nature which, by usage or necessity are

3

incident to his office." *Fair Mercantile Co. v. Union-May-Stern Co.*, 221 S.W.2d 751, 753 (Mo. 1949); 2 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations* § 466 (2014 rev. ed.) ("[T]he president of the corporation is normally considered to be a general agent with the authority to bind the corporation on contracts within its ordinary course of business.").

It is reasonable to assume that Shaheen, as Hanzada's top officer, had the power to enter into contracts, especially contracts that are so high-value that the president's involvement was necessary. Of course, evidence may surface at trial establishing that at Hanzada, making multimillion-dollar contracts was not an "act[] of an ordinary nature." But viewed in the light most favorably toward Aly, the material facts establish a genuine dispute over whether Shaheen lacked actual authority to enter contracts on Hanzada's behalf.

As Hanzada was bound to the Aly-Shaheen contract, Aly can maintain a breach of contract claim against Hanzada. *See Teasdale & Assocs.*, 373 S.W.3d at 22. Therefore, summary judgment is inappropriate on this basis. *See* Fed. R. Civ. P. 56(a).

## II. Because the oral contract could be completed within one year, it is not barred by the statute of frauds.

Hanzada presses its affirmative defense that even if it was bound to the Aly-Shaheen contract, such a contract is unenforceable under the statute of frauds. Missouri's statute of frauds bars actions upon contracts that cannot be performed within a year, if the contract is not in writing. Mo. Rev. Stat. § 432.010. The key question, perhaps counterintuitively, is whether the contract *could* be performed within one year. *Crabb v. Mid-American Dairymen, Inc.*, 735 S.W.2d 714, 716 (Mo. 1987). If the parties only *expect* that the actual performance will last over a year, that is not enough to bring the oral contract within the statute of frauds. *Id.*

Although Aly's oral contract with Hanzada is not in writing, it is not subject to the statute of frauds. The agreement envisions no firm end date; it simply requires Hanzada to pay Aly $10

4

per metric ton of beef product that it purchases from National Beef. Hanzada *could* have ceased purchasing beef product from National Beef by 2007, one year after it entered the contract. Therefore, Hanzada is not entitled to judgment as a matter of law on this affirmative defense. *See* Fed. R. Civ. P. 56(a).

   **III. The contract is not of perpetual duration.**

Finally, Hanzada moves for summary judgment on its affirmative defense that the contract, being of infinite duration, is unenforceable. "Missouri, like most other jurisdictions, generally refuses to enforce an obligation in perpetuity." *Baum Assocs., Inc. v. Soc'y Brand Hat Co.*, 477 F.2d 255, 258 (8th Cir. 1973). However, "Missouri courts will construe a contract to impose an obligation or right in perpetuity only when the language of the agreement *compels* that construction." *Superior Concrete Accessories v. Kemper*, 284 S.W.2d 482, 490 (Mo. 1955). "It is not often that a promise will be properly be interpreted as calling for a perpetual performance." *Id.* Further, "contracts for an indefinite period of time may be terminated at the will of either party." *Id.*

Because Aly and Hanzada's oral contract lasted for an indefinite period of time, either party enjoyed the right to terminate it. *See id.* As the contract permitted either party to unilaterally end its contractual obligations, the contract's language does not unambiguously impose obligations in perpetuity. *See id.*; *see Baum Assocs.*, 477 F.2d at 258–59 (finding a very similar commissions-for-solicitation contract to last for a finite duration). Therefore, the oral contract is not barred by the rule against perpetual contracts. *See Baum Assocs.*, 477 F.2d at 258. The Court denies summary judgment to Hanzada on this basis. *See* Fed. R. Civ. P. 56(a).

## Conclusion

For the reasons discussed above, Hanzada's Motion for Summary Judgment (Doc. 82) is DENIED.

**IT IS SO ORDERED.**

Date:  January 21, 2016               /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT