# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| HASSANIN ALY, | ) | |
|     Plaintiff/Judgment Creditor, | ) ) ) | |
| v. | ) ) | No. 12-CV-6069-SJ-DGK |
| HANZADA FOR IMPORT & EXPORT COMPANY, LTD., | ) ) ) | |
|     Defendant/Judgment Debtor, | ) ) | |
| NATIONAL BEEF PACKING COMPANY, LLC, | ) ) ) | |
|     Garnishee. | ) | |

### ORDER DENYING MOTION TO QUASH WRIT OF GARNISHMENT AND PARTIALLY GRANTING MOTION FOR ATTORNEYS' FEES

A jury found Defendant Hanzada for Import & Export Company, Ltd. ("Hanzada"), liable for breach of contract. Plaintiff Hassanin Aly ("Aly") seeks to satisfy his judgment against Hanzada through writs of garnishment filed with National Beef Packing Company, LLC ("National Beef"). Prior to filing this motion, Aly served a writ of garnishment ("First Writ") on National Beef, but failed to recover any assets.

Now before the Court is National Beef's motion to quash Aly's second writ of garnishment ("Second Writ") and motion for attorneys' fees and costs for the First Writ, Second Writ, and preparing this motion to quash (Doc. 192). For the following reasons, the motion to quash the Second Writ is DENIED, the motion for attorneys' fees and costs for the First Writ is GRANTED, and the motion for attorneys' fees and costs for the Second Writ and this motion is DENIED.

## Background

Aly has a $1,591,286.60 judgment against Hanzada. Aly sought to satisfy the judgment with two writs of garnishment against a third party, National Beef. On May 10, 2016, Aly filed for a writ of garnishment against National Beef (Doc. 155 & 156). On May 25, 2016, Aly served National Beef the First Writ and accompanying interrogatories requesting National Beef turn over all money and property belonging to Hanzada through the return date of the writ, June 10, 2016 (Doc 181). In its interrogatory answers, National Beef denied possession or control of any money or property belonging to Hanzada (Doc. 192 at 9-13). Aly did not file denials or exceptions to National Beef's answers.

On July 19, 2016, Aly filed a second request for a garnishment summons and the Court issued the Second Writ with a return date of October 17, 2016 (Doc. 189). National Beef complains Aly is barred from pursuing the Second Writ because Aly's failure to file exceptions or denials to the First Writ caused the Court to lose jurisdiction to enforce the Second Writ. This argument is without merit.

## Standard

Proceedings in aid of execution of a judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. The parties do not dispute Missouri law applies in this case. In applying Missouri law, district courts are bound by the decisions of the Supreme Court of Missouri. *Lancaster v. Am. & Foreign Ins. Co.*, 272 F.3d 1059, 1062 (8th Cir. 2001). If the Supreme Court of Missouri has not addressed an issue, the court must determine how the Supreme Court would decide the case. *Id.* Decisions by intermediate appellate courts provide persuasive authority and they can be followed "when they are the best evidence of state law." *Id.*

**Discussion**

National Beef argues this Court is without jurisdiction to enforce the Second Writ. Alternatively, if the Court possesses jurisdiction, the law precludes Aly from submitting a second writ because the First Writ failed to produce any assets. Aly responds he did not abandon his garnishment action against National Beef by not filing exceptions to National Beef's interrogatory answers, and that he is permitted to file subsequent garnishment writs covering different time periods.

**I. This Court did not lose jurisdiction because Aly did not abandon its garnishment proceeding.**

**A. Aly did not fail to follow the rules governing garnishment proceedings.**

In a garnishment proceeding, a garnishor's failure to proceed as required by statute and rule constitutes abandonment and the circuit court loses its jurisdiction to proceed. *State ex rel. Bagnell Inv. Co. v. Luten*, 647 S.W.2d 539, 541 (Mo. 1983). With regard to interrogatories, the garnishor may file denials or exceptions to the garnishee's answers. Mo. Rev. Stat. §§ 525.180 ("[t]he plaintiff *may* except to the answer of the garnishee for insufficiency. . .") (emphasis added); 525.190 ("The plaintiff *may* deny the answer of the garnishee, in whole or in part, without oath.") (emphasis added); Mo. Sup. Ct. R. 90.07(c) ("The garnishor shall file and serve on the garnishee any exception to the interrogatory answers, asserting any objections to the answers and asserting all grounds upon which recovery is sought against the garnishee.").

National Beef reads the requirements of Rule 90.07(c) as stating the garnishor must file exceptions or denials in all circumstances or else the court loses jurisdiction over any future garnishment writ against the garnishee. But the rule states the garnishor must file *any* exception. If there are no exceptions, none must be filed. Further, the statute states the plaintiff-garnishor *may* file exceptions or denials. Consequently, Aly was not required to file exceptions or denials

to National Beef's interrogatory answers to the First Writ.  Therefore, Aly did not fail to follow the garnishment rules in Missouri Supreme Court Rule 90, did not abandon his garnishment proceeding, and the Court did not lose jurisdiction to enforce these proceedings.

### B.  Aly's Admission that National Beef did not have property subject to the First Writ does not preclude a second writ.

If the garnishor does not file exceptions or denials to the garnishee's answers to interrogatories, then the answers are taken as "true and sufficient" and are "conclusively binding against the garnishor."  Mo. Rev. Stat. § 525.210; Mo. Sup. Ct. R. 90.07(c).  "[T]he effect of the garnishor failing to file exceptions is deemed a judicial admission on the part of the garnishor that the garnishee's interrogatory answers are true."  *Moore Auto. Grp., Inc. v. Goffstein*, 301 S.W.3d 49, 54 (Mo. 2009).  As such, the trial court loses jurisdiction over the writ because there is no issue between the garnishor and the garnishee.  *Luten*, 647 S.W.2d at 541; *Miller v. N. Am. Ins. Co.*, 195 S.W.3d 529, 530 (Mo. Ct. App. 2006).

Because Aly did not file exceptions or denials to National Beef's answers, there is no dispute between Aly and National Beef that for the time period covered by the First Writ, National Beef did not have any garnishable property.  Without a dispute, the Court has no jurisdiction over the First Writ.  But, the Court retains jurisdiction to consider and enforce other garnishment writs.

## II.  Aly is not barred from filing additional garnishment writs against National Beef.

National Beef argues that because Aly's First Writ failed to produce any garnishable property, he cannot seek property in a second garnishment writ "because it is now established as fact that National beef has no garnishable property."  Garnishee's Mot. at 5.  National Beef does not cite any authority, nor can the Court find any, that when one garnishment writ fails to produce property, this bars the court from issuing subsequent writs on the same garnishee.

4

In fact, a failed garnishment does not prevent a garnishor from filing new garnishments on the same garnishee. *Noble v. Noble*, 456 S.W.3d 120, 132 n.22 (Mo. Ct. App. 2015) ("Though the garnishments at issue are no longer viable, [garishor] is not precluded from filing new garnishments on remand."); *Fielder v. Fielder*, 671 S.W.2d 408, 410 (Mo. Ct. App. 1984) ("[F]ailure to obtain satisfaction of the judgment of the first writ of execution does not preclude subsequent attempts. A judgment plaintiff is not limited to an original execution, but may procure further writs to obtain satisfaction."); *see also*, *Olsen v. Global Biz Dimensions, LLC*, 462 S.W.3d 886 (Mo. Ct. App. 2015) (garnishor served three different garnishments on garnishee covering different time periods); *Cloyd v. Cloyd*, 564 S.W.2d 337 (Mo. Ct. App. 1978) (garnishor served four different garnishments on garnishee).

Hence, while Aly's First Writ failed to produce any garnishable property, this does not prevent Aly from requesting, and this Court from granting, subsequent writs against National Beef. Additionally, to the extent National Beef argues the Second Writ seeks "the same property," that argument is without merit. The First Writ and the Second Writ cover different time periods and therefore different property. Thus, Aly is not barred from serving his Second Writ, and this Court has jurisdiction to enforce the Second Writ.

National Beef's motion to quash the Second Writ is denied.

### III.    National Beef is entitled to attorneys' fees and costs for the First Writ only.

National Beef seeks attorneys' fees and costs associated with the First Writ, Second Writ, and filing this motion. "Generally, Missouri courts follow the American Rule, which requires each litigant to bear the expense of his or her own attorneys' fees." *Midland Prop. Partners, LLC v. Watkins*, 416 S.W.3d 805, 817 (Mo. Ct. App. 2013). "Thus, not every successful litigant is entitled to an award of attorneys' fees." *Id.* "Rather, attorneys' fees are typically recoverable

only 'when a statute specifically authorizes recovery or when attorneys' fees are provided for by contract.'" *Id.* (quoting *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. 2009)).

In the garnishment context, attorneys' fees are addressed by both rule and statute. By rule, the garnishee is entitled to an award of costs and attorneys' fees if: (a) the garnishee files interrogatory answers that are neither excepted to nor denied by the garnishor giving the appearance that the garnishee has property subject to garnishment; or (b) "the garnishor files exceptions to the garnishee's interrogatory answers but does not obtain a judgment against the garnishee." Mo. Sup. Ct. R. 90.12. The statute language is broader, it provides: "[i]f any plaintiff in attachment shall cause any person to be *summoned as garnishee*, and shall fail to recover judgment against such garnishee, all the costs attending such garnishment shall be adjudged against such plaintiff, and the court shall render judgment in favor of such garnishee" for various costs, including attorneys' fees. Mo. Rev. Stat. § 525.240 (emphasis added).

In regard to the First Writ, none of the preconditions of Rule 90.12 are met. While there were no exceptions or denials filed, there was no appearance National Beef had any garnishable property in fact both parties agree they did not. Thus, there is no basis for awarding attorneys' fees to National Beef for the First Writ under the rule. But, National Beef was summoned as a garnishee and Aly failed to recover, thus the statutory prerequisites are satisfied and National Beef's request for attorneys' fees and costs associated with the First Writ is granted.[1]

---

[1] This outcome supports the purpose of the statute, "to make whole a party who has no interest in the cause as plaintiff or defendant but who has been summoned under a writ of garnishment and later discharged." *O'Dell Plumbing, Heating, & Cooling, Inc. v. Clayton Greens Nursing Center Inc.*, 676 S.W.2d 528, 531 (Mo. Ct. App. 1984) (summarizing the rationale of *Barnard & lease Man. Co. v. Monett Milling Co.*, 79 Mo. App. 153, 157-58 (1899)).

National Beef's request for attorneys' fees for the Second Writ is premature, and therefore, denied. "[A] condition precedent to a garnishee recovering his costs and attorney's fees under either Rule [90.12(b)] or § 525.240 is the failure of the garnishor to recover judgment against the garnishee." *Dunn v. Bemor Petroleum*, 737 S.W.2d 187, 190 (Mo 1987). Recovery for attorneys' fees is not permitted under the rule or statute because Aly hasn't yet failed to recover against National Beef pursuant to the Second Writ.

Finally, National Beef cites no law supporting recovery of attorneys' fees for filing this motion, thus the general rule that each litigant bears the expense of their own attorneys' fees applies.

**IV.     The Court requests further information to determine the amount of attorneys' fees.**

National Beef has requested an attorneys' fees award of $8,139.00. This request includes the work associated with both writs and preparing this motion. Because only the fees associated with the First Writ are awarded, the Court needs further information to determine the amount of attorneys' fees to award. Accordingly, National Beef is ORDERED to provide the Court with a detailed itemized billing statement of all attorney hours worked on the First Writ. Once National Beef provides this statement, Aly may file a reply memorandum not to exceed five (5) pages.

**Conclusion**

For the reasons stated above, the Court denies National Beef's motion to quash the Second Writ, grants the request for attorneys' fees and costs associated with the First Writ, and denies the request for attorney's fees associated with bringing the Second Writ and this motion.

The Court ORDERS National Beef to provide the Court with an itemized billing statement of attorneys' hours worked on the First Writ on or before Monday, January 30, 2017.

7

Plaintiffs may then file a memorandum in opposition on or before Monday, February 13, 2017.

The parties are, of course, welcome and encouraged to resolve this issue on their own.

    **IT IS SO ORDERED.**

Date:  January 13, 2017                                  /s/ Greg Kays                         
                                                            GREG KAYS, CHIEF JUDGE  
                                                            UNITED STATES DISTRICT COURT