# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

HASSANIN ALY, )
)
      Plaintiff, )
)
v. ) No. 5:12-CV-06069-DGK
)
HANZADA for IMPORT & EXPORT )
COMPANY, LTD., )
)
      Defendant. )

## ORDER DETERMINING COSTS

This case involved a contract dispute between Defendant Hanzada for Import & Export Company, LTD., ("Hanzada"), and Plaintiff Hassanin Aly ("Aly"). After a trial, a jury found in favor of Aly. (Doc. 149).

Now before the Court is Aly's Bill of Costs seeking $2,310.28 (Doc. 221).[1] No objections were filed. For the following reasons, the Court awards Aly $2,310.28 in costs.

**Standard**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court "has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But, the "prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). The prevailing party

---

[1] The Court notes Aly filed a bill of costs shortly after judgment was entered (Doc. 150) but an order was never entered. The costs included in the first bill of costs appear included in the bill of costs addressed in this order.

bears the burden of persuading the court that the items and amounts sought are compensable under 28 U.S.C. § 1920 or some other authority. *Combs v. Cordish Cos.*, No. 14-0227-CV-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015).

The court's power to tax costs under § 1920 is limited to the items enumerated in the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Costs" are construed narrowly under the statute. The Supreme Court has cautioned that "[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.*

Section 1920 identifies six expenses that may be taxed as costs. Five of these are applicable to the present case: (1) "Fees of the clerk and marshal;" (2) "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;" (3) "Fees and disbursements for printing and witnesses;" and (4) "Docket fees under section 1923(a)." 28 U.S.C. § 1920.

**Discussion**

The Court finds all of the costs Aly submitted are compensable and discusses each in turn. First, Aly seeks $550.00 for fees to the Clerk of Court consisting of $350.00 for the filing fee, and $200.00 for Pro hac vice fees. Both fees are compensable. The filing fee is a taxable cost under § 1920(1) and pro hac vice fees are recoverable costs under Eighth Circuit case law. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) (holding pro hac vice fees are taxable costs).

Second, Aly seeks $1,463.40 in transcripts consisting of $1,008.00 for a deposition transcript, $104.40 for transcript of a portion of the trial, and $351.00 for a transcript of the pre-trial conference and a transcript of a portion of the trial.

In determining whether the cost of a deposition is compensable under § 1920, the relevant question is not whether the deposition was used at trial but whether it "reasonably seemed necessary at the time [it] w[as] taken." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). It appears from the record this deposition was reasonably necessary at the time it was taken. Accordingly, the cost is compensable.

Trial transcripts for counsel's convenience are not taxable, *E.E.O.C. v. Hibbing Taconite Co.*, 2010 WL 4237318, at *3 (D. Minn. Oct. 21, 2010), however, if the transcripts are necessary to respond to post-trial motions, the cost is taxable. *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 09CV01252–ERW, 2015 WL 7422199, at *6 (E.D. Mo. Nov. 20, 2015). Here, the parties actively engaged in post-trial motions and as a result, the Court finds the transcripts were necessary, not a convenience. Thus, the cost is taxable.

Third, Aly seeks $147.63 for mileage expenses associated with witness travel. Fees for witnesses are compensable under § 1920(3). *See also* 28 U.S.C. § 1821(c)(4); *Nelson v. Darragh Co.*, 120 F.R.D. 517, 519 (W.D. Ark. 1988).

Fourth, Aly seeks $20.00 for docket fees under 28 U.S.C. § 1923(a) which is compensable because it is listed under § 1920(5).

Finally, Aly seek $ 129.25 in costs that were granted by the Court of Appeals and shown on the mandate.

Rule 39 of the Federal Rules of Appellate Procedure addresses when costs on appeal may be assessed against a party. Applicable to the present case, if judgment is affirmed, "costs are taxed against the appellant." Fed. R. App. P. 39(a)(2). In order "to secure the costs mentioned in Rule 39(e), the prevailing party must make a separate application to the district court *after* the

mandate has been received from the court of appeals." *St. John's Mercy Med. Ctr. v. Delfino*, No. 4:02CV01527 ERW, 2006 WL 5363180, at *3 (E.D. Mo. Mar. 29, 2006).

Hanzada appealed this case to the Eighth Circuit, which affirmed. *See Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844 (8th Cir. 2017). The mandate was returned on May 18, 2017. Thus, these costs are taxable against Hanzada.

## Conclusion

Based on the foregoing reasons, the Court awards Aly $2,310.28 in costs.

**IT IS SO ORDERED.**

Date: August 30, 2017                /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT