# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| HASSANIN ALY, | ) |
|     Plaintiff/Judgment Creditor, | ) |
| v. | ) No. 5:12-CV-06069-DGK |
| HANZADA for IMPORT & EXPORT COMPANY, LTD., | ) |
|     Defendant/Judgment Debtor, | ) |
| v. | ) |
| NATIONAL BEEF PACKING COMPANY, LLC, | ) |
|     Garnishee. | ) |

## ORDER DENYING JUDGMENT ON THE PLEADINGS

This is a garnishment action arising from a $1.6 million dollar jury verdict against Defendant Hanzada for Import & Export Company, Ltd. ("Hanzada") for breach of contract. Plaintiff Hassanin Aly ("Aly") seeks to satisfy his judgment against Hanzada through writs of garnishment filed with National Beef Packing Company, LLC ("National Beef").

Now before the Court is Aly's Motion for Judgment on the Pleadings (Doc. 223). Because there are several disputes of material fact here, the motion is DENIED WITHOUT PREJUDICE.

## Background and Undisputed Facts[1]

In April 2016 Aly was awarded a $1,591,286.60 judgment against Hanzada after a jury trial. Aly has sought to satisfy his judgment by filing garnishment writs against a third party, National Beef, who he believes holds property belonging to Hanzada.

Prior to October 2015, National Beef sold beef product directly to Hanzada. Beginning in October 2015, National Beef began transitioning away from doing business directly with Hanzada, and by April 2016, Hanzada no longer purchased product directly from National Beef. Instead, National Beef began selling its product to a third-party distributor, ESCO International Trading LLC ("ESCO"). ESCO, then in turn, resells product to various beef purchasers including Hanzada. *See* Aff. of Jay Nielsen ¶ 6, 9, 10 (Doc. 224-1).

Sometime early in its relationship with National Beef, ESCO encountered difficulties in obtaining a line of credit that it needed to facilitate product purchases from National Beef. National Beef speculates that in order to avoid delays in delivering product to ESCO, Hanzada made payments to National Beef on behalf of ESCO. Aff. of Jay Nielsen ¶ 18 (Doc. 207-1) (incorporated by reference in Doc. 224-1). National Beef also speculates that Hanzada wanted to avoid any delays because it intended to purchase this product from ESCO. *Id.* National Beef accepted two payments in August 2016 from Hanzada totaling $680,000 (the "August Payments").

On July 19, 2016, Aly filed a request for a garnishment summons and the Court issued a writ with a return date of October 17, 2016 (Doc. 189). National Beef sought to quash the garnishment, but the Court denied the motion (Doc. 211).

---

[1] The facts are derived from the parties' briefs (Docs. 223, 224, 225), National Beef's answers to interrogatories (Doc. 215), Aly's exceptions to National Beef's answers (Doc. 217), and National Beef's response to Aly's exceptions (Doc. 218). Court excluded asserted facts that were immaterial to the resolution of the pending motion, legal conclusions, and argument presented as an assertion of fact.

Aly's garnishment writ attached to property held by National Beef but belonging to Hanzada between August 10, 2016, the date the writ was served, and October 17, 2016, the return date of the writ. National Beef answered the interrogatories, denying it had any garnishable property (Doc. 215). Aly filed exceptions to those answers (Doc. 217) pointing to the August Payments, and National Beef responded (Doc. 218).

Now Aly seeks judgment on the pleadings asking the Court to find, based on the pleadings, the August Payments were garnishable property.

**Applicable Substantive Law**

Proceedings in aid of execution of a judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. The parties do not dispute Missouri law applies in this case. In applying Missouri law, district courts are bound by the decisions of the Supreme Court of Missouri. *Lancaster v. Am. & Foreign Ins. Co.*, 272 F.3d 1059, 1062 (8th Cir. 2001). If the Supreme Court of Missouri has not addressed an issue, the court must determine how the Supreme Court would decide the case. *Id.* Decisions by intermediate appellate courts provide persuasive authority and they can be followed "when they are the best evidence of state law." *Id.*

**Standard**

"A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law." *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017). Although the Court must ignore most

materials outside the pleadings, it may consider "materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

In a garnishment action, the garnishor's exceptions to the garnishee's answers to interrogatories is treated as a complaint and the garnishee's response to those exceptions is treated as an answer. *See Monroe v. Roedder*, 253 F.R.D. 466, 468 (E.D. Mo. 2008) ("Thus, under Missouri law, the pleadings that would join issue in Missouri garnishment proceedings, such as this one, are the garnishor's denial(s) or exception(s) to the interrogatory answer(s) of the garnishee and the garnishee's reply or response thereto."); *see also* Mo. Sup. Ct. R. 90.07(c), (d); 90.10(b); Mo. Rev. Stat. § 525.190.

For purposes of this motion, Aly's exceptions to National Beef's answers serves as the complaint and National Beef's response to Aly's exceptions is treated as the answer.

## Discussion

The service of a writ of garnishment and summons:

> shall have the effect of attaching all personal property, money, rights, credits, bonds, bills, notes, drafts, checks or other choses in action of the defendant in the garnishee's possession or charge, or under his or her control at the time of the service of the garnishment, or which may come into his or her possession or charge, or under his or her control, or be owing by him or her, between that time and the time of filing his or her answer

Mo. Rev. Stat. § 525.040. To be subject to garnishment, money must be due absolutely, "unaffected by liens, prior incumbrances, or conditions of contract." *Heege v. Fruin*, 18 Mo. App. 139, 142 (1885).

Aly makes two arguments that the August Payments are garnishable property: (1) the payments were money, credit, or other property belonging to Hanzada; and (2) the payments

4

indebted National Beef to Hanzada. The Court finds the facts, viewed in light most favorable to Hanzada, do not support either theory.

> **I. There is a dispute of material fact as to the ownership of the August Payments.**

Aly first argues the August Payments were Hanzada's property and when National Beef received the payments, the effect of the garnishment attached to those monies immediately, even if they were later applied to ESCO's account. National Beef claims the August Payments were ESCO's property because they were loan proceeds from a loan between Hanzada and ESCO, paid on ESCO's behalf, and on ESCO's account.

Viewing the facts most favorable to National Beef, the Court finds there is a dispute of material fact as to the ownership of the August Payments. Neither party cites any law that supports their theory. Without more to demonstrate the ownership of the August Payments, the Court cannot hold as a matter of law the August Payments were property of Hanzada.

> **II. There is a dispute of material fact as to whether the August Payments created an indebtedness between National Beef and Hanzada.**

It is well established that in order for a plaintiff to recover against a garnishee, the plaintiff has the burden to show the garnishee is indebted to the defendant. *Cusick v. Cusick*, 201 S.W.2d 437, 440 (Mo. Ct. App. 1947). The plaintiff must show "'facts which would enable the defendant debtor to maintain a suit against the garnishee.'" *Id.* (quoting *S. Cent. Sec. Co. v. Vernon*, 54 S.W.2d 416, 420 (Mo. Ct. App. 1932)). A garnishee may be compelled to payout to a creditor the monies and assets of a judgment debtor only to the extent the garnishee is indebted to the judgment debtor. *Max Stovall Constr. Co. v. Villager Homes, Inc.*, 684 S.W.2d 562, 564–65 (Mo. Ct. App. 1984). In other words, if the garnishee does not owe anything to the judgment debtor at the time of the garnishment, then there is nothing for the creditor to attach by

garnishment. *United States v. Among Others, An Article of Drug for Veterinary Use*, 780 F. Supp. 666, 667–68 (W.D. Mo. 1992); *Stevenson v. McFarland*, 62 S.W. 695, 697 (Mo. 1901) (holding if the garnishee owes the defendant nothing, then the garnishee is not liable to the defendant's creditor).

Under Aly's indebtedness theory, once National Beef accepted the August Payments, National Beef was obligated to either ship product to ESCO or return the payments to Hanzada. National Beef counters that if it did not ship the product to ESCO it would have returned the funds to ESCO and thus, National Beef was never indebted to Hanzada.

The Court finds there is a dispute as to whether National Beef was indebted to Hanzada for the August Payments. Aly has not carried his burden to show that Hanzada could maintain an action against National Beef for the August Payments. Without more demonstrating National Beef owed Hanzada the August Payment monies, the Court cannot find the payments gave rise to an indebtedness by which garnishment could have attached. *See Cusick*, 201 S.W.2d at 440 (holding the trial court erred by finding that the garnishee held money belonging to the defendant because that finding was not supported by the evidence and could not be deduced through any justifiable inference drawn from the evidence).

## Conclusion

Accordingly, the motion for judgment on the pleadings is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: September 15, 2017            /s/ Greg Kays  
                                                   GREG KAYS, CHIEF JUDGE  
                                                   UNITED STATES DISTRICT COURT